UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HARRY CONSTAS, : | |
|     PLAINTIFF, : | |
| : | CIVIL ACTION NO. 3:11cv00032 (VLB) |
| : | |
| v. : | JUNE 20, 2012 |
| : | |
| JP MORGAN CHASE BANK, NA, : | |
|     DEFENDANT : | |

### MEMORANDUM OF DECISION GRANTING DEFENDANT'S [Dkt. #47] MOTION TO DISMISS PLAINTIFF'S COMPLAINT

The Defendant, JP Morgan Chase Bank, NA ("Chase"), moves to dismiss the second amended complaint filed by the Plaintiff, Harry Constas ("Constas") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Constas, proceeding *pro se*, brings this action claiming breach of the implied covenant of good faith and fair dealing, negligent infliction of emotional distress, unfair trade practices, tortious interference with contractual relations, and a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110, *et seq.*, in connection with a Note and Mortgage originally issued by Washington Mutual Bank ("WAMU") and then later sold to Chase. Chase contends that since Plaintiff's allegations rely on WAMU's conduct the Court lacks subject matter jurisdiction by virtue of Plaintiff's failure to comply with the claims exhaustion requirements of the Financial Institutions Reform, Recovery & Enforcement Act of 1989, 12 U.S.C. § 1821(d) ("FIRREA"). Chase also contends Plaintiff has failed to satisfy the heightened pleading requirements under Federal Rule of Civil

Procedure 9(b) since Plaintiff's allegations sound in fraud. For the foregoing reasons, Chase's motion to dismiss is GRANTED.

**Procedural Backround**

Plaintiff originally commenced this action against WAMU in State Superior Court for the Judicial District of Stamford/Norwalk on May 4, 2010. This action was removed by the Federal Deposit Insurance Corporation – in its capacity as Receiver for WAMU (hereinafter the "FDIC") from the Superior Court of the State of Connecticut, in and for the Judicial District of Stamford/Norwalk, to this Court on January 6, 2011. *See* [Dkt. #1]. On September 25, 2008, the FDIC had been appointed as Receiver for WAMU and on the same day most of WAMU's assets and certain designated liabilities were transferred to Chase including the mortgage loan at issue. *See* [Dkt. #11, FDIC Motion to Dismiss]. The liabilities that were transferred to Chase expressly did not include any monetary claims arising out of WAMU's pre-failure lending activity. [*Id.* at p. 1-2].

On February 10, 2011, the FDIC moved to dismiss the complaint on the basis that the Court had no jurisdiction over Plaintiff's claims as a result of Plaintiff's failure to comply with the mandatory administrative claims procedure established by FIRREA. *See* [Dkt. #11, FDIC Motion to Dismiss]. On June 23, 2011, the Court granted the FDIC's motion to dismiss without prejudice to Plaintiff's right to file an amended complaint consistent with the Court's Order for the reasons stated in the analogous cases of *Caires v. JP Morgan Chase Bank*, 745 F.Supp.2d 40, (D. Conn. 2010) as well as the failure of Plaintiff to state with

specificity the claims against the individual defendants. See [Dkt. #25]. The Court emphasized that Plaintiff had not alleged facts which indicated that Plaintiff had timely exhausted the mandatory administrative claims process as required under FIRREA. [*Id.*].

On July 22, 2011, the Plaintiff filed an amended complaint. Plaintiff added Chase as an additional Defendant in his amended complaint. See [Dkt. #29]. The FDIC again moved to dismiss the amended complaint based on lack of jurisdiction as result of Plaintiff's failure to properly exhaust the claims process under FIRREA. See [Dkt. #32]. On September 14, 2011, the Plaintiff moved to amend his complaint in response to the FDIC's motion to dismiss in which Plaintiff dropped his claims against the FDIC. See [Dkt. #38]. On September 27, the Court granted Plaintiff's motion to amend the complaint and terminated the FDIC as a Defendant in this action. See [Dkt. #40]. The same day Plaintiff filed his second amended complaint. See [Dkt. #43]. On November 11, 2011, Chase filed a motion to dismiss the second amended complaint that is currently pending before this Court. See [Dkt. #47, Second Amended Compl.].

Factual Allegations

The following facts are based on the Plaintiff's second amended complaint. See [Dkt. #47, Second Amended Compl.]. Plaintiff alleges that in October 2008 Chase became the owner of "a purported Note and Mortgage on Plaintiff's home, which has a present principle balance of $356,150" which was originated with WAMU. [*Id.* at ¶2]. Plaintiff alleges that the "rate of interest according to

defendant's most recent statement is 7%" and that "Plaintiff had agreed to pay 7% interest, which was more than prevailing rates, because the mortgage contained an option that if plaintiff chose to he could forego any monthly payment and the amount would be added to the principal balance." [*Id.* at ¶3]. Plaintiff alleges that this "privilege was however revoked and new terms to which plaintiff never agreed were imposed. The mortgage had been unilaterally, fraudulently and criminally forged by the prior mortgagee." [*Id.* at ¶5].

Plaintiff alleges that his mortgage "was sold/transferred" to Chase and that he "sought correction by restoration of the original terms" which were ignored and denied." [*Id.* at ¶7]. Plaintiff alleges that he "continued to make payment, under protest, to JP Morgan Chase Bank that that the mortgage was a forgery." [*Id.* at ¶8]. Plaintiff further alleges that Chase "had notice that there was a claim of forgery, prior to its purchase, since there was a pending action by plaintiff making those clams" since Chase retained the same attorney who had been representing WAMU in the original action filed in superior court. [*Id.* at ¶9]. Plaintiff asserts that WAMU's attorney "thereby impart[ed] her knowledge of the forged mortgage to the present defendant JPM." [*Id.* at ¶10].

Legal Standard

The standards of review for a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and under 12(b)(6) for failure to state a claim are "substantively identical." *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d. Cir. 2003). However, on a motion to dismiss under Rule 12(b)(1), the party invoking

the Court's jurisdiction bears the burden of proof to demonstrate that subject matter jurisdiction exists, whereas the movant bears the burden of proof on a motion to dismiss under Rule 12(b)(6). *Id.* In deciding both types of motions, the Court "must accept all factual allegations in the complaint as true, and draw inferences from those allegations in the light most favorable to the plaintiff." *In re AIG Advisor Group Sec. Litig.*, 309 Fed. App'x. 495, 497 (2d Cir. 2009). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Court's review on a motion to dismiss pursuant to Rule 12(b)(6) is generally limited to "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). In addition, the Court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). In deciding a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), however, the Court "may resolve disputed factual issues by reference to

evidence outside the pleadings, including affidavits." *State Employees Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 77 n.4 (2d Cir. 2007).

### Analysis of Subject Matter Jurisdiction

Chase argues that since all of Plaintiff's claims stem from WAMU's pre-failure conduct they should be asserted against the FDIC as receiver, not Chase, and subject to FIRREA's mandatory administrative claims process.  See [Dkt. #47, Def. Mem. at p.8-11].  Chase contends that since Plaintiff has failed to timely exhaust this administrative claims process the Court lacks subject matter jurisdiction over such claims.  [*Id.*].

The Court refers to its prior decision in an analogous case for a fuller discussion of the Court's analysis of its subject matter jurisdiction based on FIRREA.  *See Caries v. JP Morgan Chase Bank*, 745 F.Supp.2d 40 (D. Conn. Sept. 30, 2010).  FIRREA includes an exhaustion requirement that applies to claims made against the assets of a failed depository institution that is in FDIC receivership. *See* 12 U.S.C. § 1821(d)(5) (Procedures for determinations of claims); § 1821(d)(13)(D) (Limitation on judicial review).  The statute allows a claimant to obtain judicial review of an FDIC claim determination if the claimant files a claim with the FDIC, receives a "disallowance" of the claim, and then files suit in a district court within 60 days after the FDIC's disallowance of the claim. *See id.* §§ 1821(d)(5)(A), (6)(A).  Further, the FIRREA places an express limitation upon a district court's review of claims that have not proceeded through the described FDIC claims review process prior to bringing suit. See § 1821(d)(13)(D). The Second Circuit has held that "section 1821(d)(13)(D), when read in

conjunction with the rest of section 1821(d), creates a requirement that all claims be presented to the FDIC before a claimant may seek judicial review." *Carlyle Towers Condominium Ass'n, Inc. v. FDIC*, 170 F.3d 301, 307 (2d Cir. 1999); *see also Resolution Trust Corp. v. Elman*, 949 F.2d 624, 627 (2d Cir. 1991). Consequently, "[g]iven FIRREA's clear language, the Second Circuit has consistently held that courts lack subject matter jurisdiction to hear a claim against a failed bank taken into receivership by the FDIC unless the plaintiff has exhausted the administrative claims process." *Aber-Shukofsky v. JP Morgan Chase & Co.*, 755 F.Supp.2d 441, 446 (E.D.N.Y. 2010) (citing *Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 920-21 (2d Cir. 2010)).

Here, it is now abundantly clear that all of Constas's claims arise from WAMU's pre-failure conduct of purportedly forging his mortgage and are therefore properly asserted against the FDIC, not Chase, and subject to FIRREA's mandatory administrative claims process. Constas may not try to evade FIRREA's requirements by alleging that Chase should be liable for WAMU's pre-failure conduct based on a conclusory allegation that Chase was made aware of WAMU's pre-failure conduct allegedly discovered after it acquired the subject loan. *See e.g., Oakwood v. State Bank and Trust Co.*, 539 F.3d 373, 386 (6th Cir. 2008) (holding that since Plaintiff's claims "directly related to the acts or omissions of the FDIC as the receiver" such claims were "disallowed as a result of their failure to comply with the administrative-claims process, [plaintiffs] have no further rights or remedies with respect to such claim[s] despite the fact that they purport to bring them against State Bank rather than the FDIC.") (internal

quotation marks and citations omitted); *American Nat. Ins. Co. v. JPMorgan Chase & Co.*, 705 F.Supp.2d 17, 20-21 (D.D.C. 2010) ("Plaintiffs cannot circumvent [FIRREA's] jurisdictional bar by aiming their claims at the assuming bank of the failed bank's assets."). To allow a plaintiff to do so would create an end-run around the very purpose of FIRREA's administrative claims exhaustion requirement. *See Oakwood*, 539 F.3d at 386 (concluding that to permit plaintiffs to avoid FIRR's administrative claims process by bringing claims against the assuming bank "would encourage the very litigation that FIRREA aimed to avoid") (internal quotation marks and citations omitted).

A court in the Northern District of California addressed similar allegations in a recent case and concluded that it lacked jurisdiction based on FIRREA. *Benson v. JP Morgan Chase Bank, N.A.*, Docket nos. C-09-5262 MEJ, C-09-5560 MEJ, 2010 WL 3168390 (N.D.Cal. Aug. 10, 2010). In *Benson,* the only allegation of misconduct by the assuming bank was that the failed-bank's practices continued after the assuming bank acquired the failed bank's assets. The *Benson* court concluded that "the assertion that [the failed-bank's] employees remained employed after [the assuming bank] acquired [the failed bank's] assets falls short of transforming Plaintiffs' claims into something other than claims 'relating' to [the failed bank's] alleged misconduct. To the contrary, this assertion shows that the claims in the Complaints are predicated on alleged misconduct" at the failed bank. *Id.* at *5. The *Benson* court reasoned that plaintiffs could not "avoid FIRREA's jurisdictional bar by alleging that [the assuming bank] 'continued' [the failed bank's] misconduct, instead of alleging specific actionable misconduct by

the [assuming bank]." *Id.* In the instant case, Constas's allegations are entirely predicated on the alleged misconduct of WAMU and not Chase. Constas has similarly alleged that Chase continued the prior practices of WAMU by enforcing the terms of the mortgage WAMU purportedly forged. Constas's second amended complaint is likewise entirely devoid of any allegations of specific actionable misconduct by Chase. Consequently, Constas, as was the case in *Benson*, is inappropriately seeking to hold Chase responsible for WAMU's misconduct.

The *Benson* court astutely observed that "FIRREA's jurisdictional bar would be meaningless if a litigant could escape the broad reach of FIRREA by simply peppering an otherwise-barred complaint with allegations against a third party that could not exist as a stand-alone claim. For this reason, courts have not allowed a litigant to avoid FIRREA administrative requirements by adding allegations of misconduct by an assuming bank to complaints predicated on the conduct of the FDIC or the failed bank." *Id.* (collecting cases). This Court agrees that it would be impermissible to allow a plaintiff to escape the jurisdictional bar under FIRREA by alleging that the assuming bank merely continued the misconduct of the failed bank or were aware of the failed bank's misconduct absent allegations of specific actionable misconduct by the assuming bank which could support a stand-alone claim. Here, Constas has made no specific allegations of misconduct by Chase that could support a stand-alone claim. Constas has only alleged that Chase enforced the terms of the mortgage allegedly forged by WAMU and that Chase was made aware of Constas's

allegation of forgery. This falls far short of transforming such claims into something other than claims relating to WAMU's alleged misconduct. As was the case in *Benson,* regardless of whom Constas may name as a defendant, his claims are related to the alleged acts of WAMU and are subject to FIRREA. Consequently, Constas's failure to comply with the mandatory administrative claims procedure established by FIRREA deprives the Court of subject matter jurisdiction over all of his claims and the Court therefore grants Chase's motion to dismiss.

### Analysis under Rule 9(b)

In the alternative, Chase argues that the second amended complaint should be dismissed under Rule 9(b) for failure to plead fraud with particularity. [Dkt. #47, Def. Mem. at p.12-19]. Allegations which sound in fraud are subject to the heightened pleading requirement of Federal Rule of Civil Procedure 9(b). Here since all of Plaintiff's claims are based on his allegation that WAMU engaged in fraud by forging his mortgage, Plaintiff's claims are properly subject to Rule 9(b). *See Chien v. Skystar Bio Pharmaceutical Co.,* 623 F.Supp2d 255, 267-68 (D.Conn. 2009) (concluding that "[f]orgery requires that the fraud relate to the drafter of the document, not to the factual contentions contained therein.").

"To plead with particularity in accordance with Rule 9(b), the complaint must: (1) specify the statements alleged to be fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Gabrielle v. Law Office of Martha Croog,* No.3:10-

cv-1798(WWE), 2012 WL 460264, at *4 (D. Conn. Feb. 9, 2012) (citing *Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004)). "Rule 9(b) provides that '[m]alice, intent, knowledge and other conditions of a person's mind may be alleged generally.' However, to safeguard a defendant's reputation from unsubstantiated charges of wrongdoing or a strike suit, the Second Circuit has instructed that plaintiffs must allege facts that give rise to a strong inference of fraudulent intent.'" *Id.* (quoting *Shields v. Citytrust Bancorp., Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994)). "The 'strong inference of fraud' may be established by either alleging facts to show that a defendant had both motive and opportunity to commit fraud, or facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Id.* (citing *James F. Canning Agency v. Nationwide Ins. Co. of America*, No.3:09-cv-1413(MRK), 2010 WL 2698292 at *2 (D. Conn. Mar. 10, 2010)). The "purpose of Rule 9(b)'s specificity requirement is to provide the defendant with fair notice of a plaintiff's claim and adequate information to frame a response." *United States ex rel. Tiesinga v. Dianon Sys., Inc.*, 231 F.R.D. 122, 123 (D.Conn. 2005)(quotation marks and citation omitted).

Assuming arguendo that Constas's claims were not barred by FIRREA, Constas has also failed to plead with particularity the circumstances constituting the alleged fraud that forms the basis of his claims. Constas conclusory alleges that his mortgage had been "unilaterally, fraudulently, and criminally forged by the prior mortgagee." [Dkt. #43. Compl. at ¶5]. Constas has failed to specify with particularity the content of the alleged misrepresentation which forms the basis of the forgery, identify who forged the mortgage, where and when the mortgage

was forged nor has he alleged any facts which give rise to a strong inference of WAMU or Chase's fraudulent intent.  Accordingly, Constas fails to satisfy Rule 9(b)'s requirement to plead with particularity.   The Court notes that even if Rule 9(b) did not apply, Constas would still have failed to state a plausible claim under Rule 12(b)(6) as all his claims are predicated on his wholly conclusory allegation that WAMU forged his mortgage.  Constas's second amended complaint is simply devoid of any factual content that would allow the Court to draw the reasonable inference that WAMU had indeed forged the mortgage.  Consequently, even if the Court had jurisdiction over Constas's claims, the Court would still have dismissed Constas's complaint under Rule 9 (b) or Rule 12(b)(6).

### Conclusion

Based upon the above reasoning, the Defendant's [Dkt. #47] motion to dismiss is GRANTED.  The Clerk is directed to close the case.

IT IS SO ORDERED.

_____/s/_____

Hon. Vanessa L. Bryant

United States District Judge

Dated at Hartford, Connecticut: June 20, 2012